JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Aaron Shiloh, M D, FSIR

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  BUCKS COUNTY, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DELAWARE COUNTY, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kolman Ely, P C. 414 Hulmeville Avenue Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☒ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 420 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
False Claims Act 31 U S C Section 3729(a)
Brief description of cause
False Claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R.Cv P
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                    DOCKET NUMBER

DATE  12/12/2018
SIGNATURE OF ATTORNEY OF RECORD  W. Charles Sipio

DEC 17 2018

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

Under Seal

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

**18  5458**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 61 Brown Drive Churchville, PA 18966

Address of Defendant: 585 County Line Road Radnor, Pennsylvania 19087

Place of Accident, Incident or Transaction: EDPA

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/18/2018     *W. Charles Sipio*     314352
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify)* ___False Claims Act___

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **W. Charles Sipio**, counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

DATE: 12/12/2018     *W. Charles Sipio*    DEC 17 2018    314352
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Under Seal

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| SHILOH | CIVIL ACTION |
| v. | |
| PHILADELPHIA VASCULAR INST. | NO. 18 5458 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 12/12/2018 | W. Charles Sipio | Aaron Shiloh M.D. FSIR |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-750-3134 | 215-750-3138 | wcsipio@kolmanlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



PBT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | NO. 18 5458 |
| *ex rel.* | CIVIL ACTION |
| **AARON SHILOH, M.D., FSIR** | JURY TRIAL DEMANDED |
| *Relator,* | **FILED UNDER SEAL** |
| v. | |
| **PHILADELPHIA VASCULAR INSTITUTE LLC** | |
| -and- | |
| **JAMES MCGUCKIN, M.D.** | |
| *Defendants.* | |

### FALSE CLAIMS ACT COMPLAINT

The above-named *Qui Tam* Relator, on behalf of the United States, hereby avers as follows:

### INTRODUCTION

1. This action seeks redress for false and/or fraudulent claims made upon the United States and other violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* for Medicare and/or Medicaid fraud.

## PARTIES

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. The instant action has been filed on behalf of the United States by *Qui Tam* Relator Aaron Shiloh M.D., FSIR.

4. Relator Dr. Shiloh (hereinafter "Relator") is an adult individual and citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant Philadelphia Vascular Institute, LLC ("PVI") ("Defendant") is believed and therefore averred to be a for profit limited liability corporation that exists and operates pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at 585 County Line Road Radnor, Pennsylvania 19087 within the Eastern District of Pennsylvania.

6. Defendant James McGuckin, M.D. (hereinafter "McGuckin") is believed and therefore averred to be an adult individual and citizen of the United States and the Commonwealth of Pennsylvania.

7. At all times relevant hereto, each Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

## JURISDICTION AND VENUE

8. The averments of the foregoing paragraphs are incorporated herein as if the same were set forth in full.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and

2

substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction) because it arises under the laws of the United States.

11. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Relator is a licensed physician and graduate of the University of Pennsylvania School of Medicine.

15. Relator is double board certified in radiology and interventional radiology.

16. Relator became employed by Defendant in or around January 2, 2018 after selling his practice to it for a sum certain.

17. The owner of PVI is Dr. James McGuckin, who apparently is no stranger to fraud litigation.

3

18. The Department of Justice announced on or about October 23, 2018 that Vascular Access Centers ("VAC") would pay $3.825 million dollars and up to $18 million dollars to resolve false claims allegations.

19. Upon information and belief, Dr. McGuckin owns or holds a controlling and/or significant interest in VAC.

20. Defendant operates in a manner that is designed to essentially abuse the Medicare system.

21. During the course of his practice, Relator observed numerous practices advocated by Dr. McGuckin that were questionable.

22. For example, Relator was instructed to perform a three-level intravascular ultrasound image segmentation ("IVUS") in every arterial case even when medically unnecessary in an effort to bilk Medicare and/or Medicaid.

23. Dr. McGuckin commented that "IVUS is an ATM."

24. To facilitate these types of procedures, Defendant would go to wide reaching lengths, such as driving and giving rides to patients to VAC facilities at no cost.

25. Many patients with minimal to no clinically significant symptoms were receiving atherectomy, angioplasty and stent.

26. The two major codes 37227 and 37229 reimburse from Medicare at $15,000.00 and $10,000.00 respectively resulting in huge windfalls for Defendant.

27. Relator suggested early on to do noninvasive imaging like computed tomography angiography ("CTA") as a diagnostic tool to reduce the number of invasive procedures and Dr. McGuckin scoffed.

28. McGuckin's resistance to CTA was not motivated by medical science, but profit.

29. Upon information and belief, CTA would exclude many patients from invasive treatment as it would effectively report the stenosis or occlusions and often would show non-

hemodynamically significant disease which would preclude a highly enumerating arterial intervention where the degree of stenosis could be easily over estimated.

30. Upon information and belief, no patient ever received pre-procedural imaging other than PADnet or ultrasound.

31. Most patient cases followed a distinctive pattern.

32. The doctors would access the less "symptomatic" side and perform diagnostic imaging.

33. That would typically lead to finding anything to bring the patient back to treat in a few weeks.

34. The doctors would then perform the interventional procedures on the other side.

35. The doctors would perform atherectomy, angioplasty and stent often of the below the knee vessels as well as the superficial femoral artery ("SFA") in order to maximize revenue.

36. Although there were some patients with disease warranting treatment, there were also many asymptomatic patients treated under the pretense that doing so would "save the leg" from amputation.

37. The practice of treating asymptomatic patients has no basis in the peer-reviewed literature and is in fact medically unnecessary.

38. All Medicare and Medicaid patients would have a three-level IVUS performed on every case as the device was already opened at the beginning of the case.

39. In fact, Dr. McGuckin did not care if the IVUS was used before, during, or after intervention as long as there was documentation that it was used.

40. All patients who were treated subsequently had one month, 3-month, 6-month, 12-month ultrasounds in the name of "follow-up."

41. However, it was a clear-cut pretense to identify patients to be re-treated.

42. Specific verbiage was taught to facilitate "proper billing and coding" of the arterial procedures, which is code for maximizing revenue.

43. Prior to the realtor's arrival at PVI, the other doctors in the group did not have hospital privileges.

44. Relator helped another physician, Dr. Watts, obtain hospital privileges which then allowed him to obtain health partners (Medicaid) credentialing at the 42nd and Market location in Philadelphia.

45. Thus, prior to 2018, Dr. Watts was performing procedures on Medicaid patients under Dr. McGuckin's name in 2016 and 2017.

46. Health partners abruptly terminated all physicians service agreements in June 2018 likely secondary to massive overcharging.

47. The Relator identified and questioned why Medicare and Medicaid patients were not being charged any co-pays or co-insurances for procedures rendered and was told that they could not afford it (so they were not charged).

48. Dr. McGuckin purchased a vascular surgeon's practice in the Poconos from Dr. Boris Paul who in fact, upon information and belief, still listed as accepting new patients at Pocono Surgical Associates.

49. Dr. Paul has not worked there in many years.

50. Instead, Dr. McGuckin placed a nurse practitioner, Joe Eckstein at the office who would facilitate the evaluation of any new and old patients and drove all the patients to PA Vascular Institute for arteriograms with intervention.

51. Many of these patients had 5-10 arteriograms a year, which was far outside any standard of care.

52. When the volume of arteriograms dropped in 2018, Dr. McGuckin held many meetings to berate the staff and to reinvigorate the practice by facilitating the bringing back of every possible patient.

53. This included, but was not limited to, culling all prior charts and phone calls.

54. Moreover, upon information and belief, there are many space sharing agreements facilitated by Defendant and/or McGuckin with various podiatrists, internists, and surgeons that are clear cut ways to avoid anti-kickback violations.

### COUNT I
### FALSE CLAIMS ACT
### 37 U.S.C. § 3729(a)
*Against All Defendants*

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Title 31 of the United States Code, Section 3729(a), provides that any person who:
    a. knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
    b. knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
    c. conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
    d. knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government is liable to the United States Government for a civil penalty of not less than $5,500.00 and not more than $11,000.00, plus 3 times the amount of damages which the Government sustains because of the act of that person.

57. Defendant's actions as described above constitute the making of false claims to the United States Government and is a violation of 31 U.S.C. 3729.

58. Pursuant to 31 U.S.C. § 3729(a), any person who violates the provisions set forth supra must pay a civil penalty of not less than $5,500.00 and not more than $11,000, plus three times the amount of damages which the U.S. Government sustains as a result of Defendant's making of false claims as hereinabove set forth.

7

59. By its actions as aforesaid, Defendant has violated the False Claims Act, 37 U.S.C. § 3729.

## PRAYER FOR RELIEF

WHEREFORE, Relator, on behalf of the United States, respectfully requests that judgment be entered against Defendant in an amount equal to three (3) times the amount of all monies it is determined to have fraudulently received from the United States Government as a result of its conduct as aforesaid, civil penalties, attorneys' fees, and all other legal and equitable relief deemed just and proper.

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Relator, Aaron Shiloh M.D., FSIR*

Dated: December 13, 2018